# W. L. WILKINS & Co. *v.* J. L. RILEY.

1. CONTRACTS—CONSIDERATION—PLEADING.—A party will not be heard, to assert, at law, the failure of an illegal consideration. He can assert the " failure " of only a valid consideration. The defense should have claimed a want of consideration, since, before a legal tribunal, an illegal consideration is, in effect, no consideration.

2. SAME.—Complaint of failure is equivalent to admission that, if the consideration had not failed, it would have been valid.

3. COMPOUNDING PETTY MISDEMEANORS, pending prosecutions for minor offenses, may, under the statute, be compromised, but only by the consent of the court, and on payment of costs. An agreement not to prosecute a proceeding, which has not yet commenced, is not within the statute.

4. SAME—PROMISSORY NOTE.—An agreement not to prosecute for an assault and battery is illegal, and would not, as a consideration, support a promissory note.

ERROR to the circuit court of Scott county, LEACHMAN, J.

Plaintiffs in error were sued by the defendant in error in said circuit court, in an action of *assumpsit* on a promissory note for $613.20. Defendants in that action (plaintiff in error here) pleaded *non-assumpsit* and gave notice, substantially, that under their plea they would offer proof at the trial that the note sued on was given in full settlement of " disputed matters," between said Riley, plaintiff in that action (defendant in error here) and said W. L. Wilkins and one L. B. Wilkins, said Riley agreeing to dismiss certain suits then pending, and also "not to prosecute " said W. L. Wilkins and one Henry Wilkins "for an assault and battery;" in that "violation of his said agreement not to prosecute," said Riley had afterward gone voluntarily before the grand jury and prosecuted said W. L. Wilkins and Henry Wilkins, and thereby caused them to be indicted, and to be at expense for counsel fees, costs and loss of time, to the amount of $200 ; and that consequently there had been a positive failure of the consideration for which said note was given, and for that which they would claim deduction from the amount of said note.

To the introduction of this testimony, when it was offered at the trial, Riley's counsel objected. The objection was sustained and the testimony refused by the court. Defendants in that court excepted, tendered their bill of exceptions, which was signed, and bring the case to this court, on writ of error.

The only error assigned is the refusal of the court below to admit the testimony set forth in the notice.

*Mayers & Lowry,* for plaintiff in error.

We ask a reversal, because the court excluded certain testimony from the jury under our notice which should have been admitted. It was unnecessary to embrace it all in the record, to enable this court to decide whether

or not the defense should have been heard.   In the case of Morten, adm'r, v. Howard, 2 S. & M. p. 527, this court held that, "A bill of exceptions taken to the exclusion of one item of testimony, is sufficient, without embodying all the evidence, to reverse the judgment, if the testimony was improperly excluded,"   Also, Scott v. Watkins, 2 S. & M. 233; Neal v. Sanderson, 2 S. & M. 572.   Other authorities could be adduced, but we deem it unnecessary.

We insist that the testimony should have been admitted, whether the contract was illegal or not.   If legal, the defendant was entitled to an abatement of the note to the extent of the damages he had sustained by the violation of the contract by plaintiff below.   If illegal, to show the note was void in law, and could not be recovered in any court.

*A. B. Smith* and *George L. Potter*, for defendant in error.

It will be observed that the notice of plaintiffs in error set up that their note, the note of W. Lee Wilkins and Robert Harrison (Wilkins & Co.), was given in settlement of " disputed matters " between Riley, and W. Lee Wilkins and L. B. Wilkins, and that the alleged agreement " not to prosecute," was with W. Lee Wilkins and Henry Wilkins.   W. Lee Wilkins and Harrison make their note, and attempt to defend by showing a breach of an alleged contract with W. Lee Wilkins and Henry Wilkins.   Harrison could not be damnified by the alleged breach, but is liable on the note.

Henry Wilkins, one of the parties alleged to have been damnified, is not a party to the note.   It is plain that the notice states no matter of defense— nothing that could be proved in this suit, unless it be offered to show illegality of consideration.   It is manifest that the alleged agreement not to prosecute, was really no part of the consideration of the note, and

that is not so stated as to show any illegal agreement. It was a matter the parties might compromise.   Code 1871, § 320.

The whole notice is vague, loose and indefinite, and the statement of the proof offered and rejected, is equally vague, for it refers to the notice for the particulars of the proof, instead of setting down the evidence offered.   It was no error to exclude the evidence—if such it could be called—which, in the words of the notice, merely shows that there were " disputed matters," and the note given in satisfaction " of the same ;" no specification ; no detail of these " matters ;" no offer to show what they were.   The offer was not to show illegality of consideration, but to show " a partial failure of consideration," to the amount of " costs," lawyers' fees, etc., etc.; " a deduction on said note " " to the extent of loss so sustained," etc.

That is, W. Lee Wilkins and Harrison would have deducted from their note, illegal losses incurred by W. Lee Wilkins and Henry Wilkins.   And they propose to do this strange thing, without having filed the bill of particulars required by law to be filed before proof of items can be given.

The defense pretended was frivolous, and the proposed evidence could not be received.

*Mayers & Lowry,* in reply.

It was certainly competent for W. L. Wilkins and Robert Harrison to give their note to Riley in consideration of disputed matters of account, and also that Riley would not voluntarily prosecute Henry Wilkins and W. Lee Wilkins.   The effort of defendant's counsel to " split hairs," in quoting the notice, is quite amusing.   The notice states positively that part of the consideration of the note was the agreement of Riley not to prosecute Henry Wilkins and W. Lee Wilkins, and that in violation of that agreement he did cause

them to be indicted.  It is immaterial whether Henry
Wilkins was a party to the note.  W. Lee Wilkins
was, and he was not to be prosecuted by Riley, yet
he was.

The learned counsel quote the counter notice of Riley.
We beg leave to say that that can have no consideration
in this court, for there was no testimony in the bill of
exceptions, and therefore nothing to show whether the
facts set up in the counter notice of Riley were estab-
lished by proof.  It only purports to give Riley's repli-
cation, and the learned counsel bases an argument
upon it.

The learned counsel are not serious in stating that as
Henry Wilkins was not a party to the note.  Harrison,
one of the makers, cannot defend.  W. Lee Wilkins
and Harrison made their note to Riley, in consideration
of disputed matters between Riley and W. Lee Wilkins
and L. B. Wilkins, and also that Riley would not indict
W. Lee Wilkins and Henry Wilkins.  Surely, Harrison
has a right to defend, if any part of the consideration
failed or was illegal.

The notice does not state that the offense which
Riley agreed not to prosecute for, was such as might be
compromised under the statute.  In some of the states
it has been held that an agreement not to prosecute for
an assault and battery is illegal and void.  In all the
states such agreements not to prosecute for felonies
are held illegal and void.

The notice was not vague.  Anybody can understand
it.  We insist, that because we did not file a detailed
bill of particulars under our notice, we are not precluded
from proving a partial failure of consideration, and
that our testimony was proper, and ought not to have
been excluded.  If the contract was illegal, it defeated
any recovery, and if it was not, we were entitled to an
abatement of the note as partial failure of conside-
ration.  It is very easy to designate a defense " frivo-

lous," especially when counsel are so reluctant to submit the facts to the jury.

TARBELL, J.:

Action upon a note; plea—general issue with notice. After careful examination of this case, we are unable to conclude that there is error.  The notice with the general issue sets out with the statement that there were "disputed matters" between the parties, and that "said note was given in full satisfaction of the same;" and also, that the plaintiff would dismiss certain suits pending; and also, that plaintiff would not prosecute Wilkins before the grand jury for an assault by the latter upon the former; but that plaintiff did prosecute Wilkins before the grand jury, and put him to cost and trouble to the amount of two hundred dollars, which sum is claimed as partial failure of consideration.  Upon the trial the defendant offered to prove, "under the notice filed with the plea," that "said plaintiff did, in violation of the agreement as stated in said notice, voluntarily go before the grand jury and prosecute the defendant for an assault and battery, by which defendants were put to great costs, lawyers' fees, etc., etc., to the extent of three hundred dollars, and that it was a part of the compromise when said note was given that said plaintiff would not voluntarily go before the grand jury, but he did so, and caused a true bill to be found, to their injury, as above stated, and that to the extent of loss so sustained defendants are entitled to a deduction on said note." The evidence thus offered was objected to and excluded by the court.

By the Code of 1871, prosecutions for minor offenses pending in the circuit court can be compromised with the approbation of the court.  As the prosecution of Wilkins was not then pending, it was not within the statute, and the agreement for its compromise was illegal

and void. If the agreement not to prosecute criminally, entered into and constituted a part of the consideration of the note, the extent of such consideration is not stated.

The notice filed with the plea and the offer of proof proceed upon the theory that the note was given for a valuable consideration. If otherwise, the legal and the illegal parts are not pointed out, so that the latter might be seized upon by the court and excluded from the recovery. The defense was not framed to attack the note as illegal and void, but to reduce the recovery by deducting losses as in violation of a valid contract. The record shows that the case was tried and disposed of upon the idea that the agreement to compromise was legal, and its violation entitled the party to a reduction upon the note. No other idea was presented or acted upon in the court below. It is suggested here, for the first time, that the proposed evidence ought to have been admitted to prove the note illegal. No such proposition was submitted to be passed upon on the trial. The attention of the court below was not even called to this view, but the parties risked their case upon the theory that the agreement was legal and entitled them to a deduction for the damage caused by its violation. As we construe the notice filed with the plea and the proposed testimony, the note is in the nature of an admission of, and represents an actual indebtedness, or is a promise to pay only that which the party actually owed, no part of the consideration being, in fact, illegal, unless made so by the interpolation of the substantive and independent agreement not to prosecute the defendants criminally, into, and making it a part of, the settlement of other "disputed matters," which other disputed matters are alone embraced in the note; a result we are not prepared to admit.

It seems to us that public policy and the justice of this case concur in leading to the conclusion that the

judgment ought to be affirmed.    It is a rule that every presumption of law is in favor of the legality of a contract, and it is incumbent on a party alleging its illegality to show everything to render it so.    34 Miss. 181. So, when contracts of doubtful import are susceptible ·of two interpretations, one legal and the other illegal, · that construction will be adopted which will make the agreement legal.    4 How. 428; 30 Miss. 56.    If these ·rules as to the interpretation of contracts be applied to the notice accompanying the plea in the case at bar, it falls far short of invalidating the note sued on; but, on the contrary, shows the note to have been given for a *bona fide* and valuable consideration, though, in addition thereto, yet independent of it, as a part of the same general settlement, it was agreed by the plaintiff not to go voluntarily before the grand jury to prosecute Wilkins criminally.    Again, a test, whether a demand connected with an illegal transaction can be enforced, is whether the plaintiff requires any aid from it to establish his case.    7 S. & M. 380.    And in Bank of Newberry v. Stegall et al., 41 Miss. 142, in an action on a bond, referring to 2 Kent, 468, the rule is recognized, that where a part of the contract is legal and part illegal, if the two can be separated and stand independent and distinct, the legal may be good and the other bad; though if they are inseparable, if the legal and the illegal considerations be so intermixed, or the contract so entire that there can be no apportionment, the whole will be bad.

In the case at bar, as we understand the record, the parties have thereby, in their pleadings and offer of proof, separated the illegal from the legal portion of the settlement, whereby the note stands confessed as embracing exclusively a legal and valid consideration, while the illegality consists only of the stipulation not to prosecute criminally, and is not represented in the note.    We would not be understood as declaring any

rule in this class of cases, but as endeavoring only to determine the one at bar justly, as between the parties, according to the case they have made.

*Judgment affirmed.*